UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO. 2:14-cv-206-FtM-38DNF

JOHN DOE #1 through #4, and
JANE DOE #1 and #2,

    Plaintiffs,

v.

C&C AGRICULTURAL FARMS L.L.C,
a Florida limited liability company, ERNESTO
RUBEN CORDERO, JR., CARLOS RODRIGUEZ,
and REYES TAPIA-ORTIZ,

    Defendants,
_____/

## DEFENDANTS C & C AGRICULTURAL FARMS, L.L.C., CORDERO, AND RODRIGUEZ MOTION TO STRIKE AND RESPONSE TO PLAINTIFFS' RENEWED MOTION TO PROCEED ANONYMOUSLY

Defendants C & C Agricultural Farms, L.L.C., Ernesto Ruben Cordero, Jr., and Carlos Rodriguez, (" herein after Defendants"), by and through the undersigned counsel, hereby file this Response to the Plaintiffs' Renewed Motion to Proceed Anonymously (herein after "Motion") in the above entitled action, and plead the following:

### MOTION TO STRIKE

1. Plaintiffs' counsel on or about May 15, 2014, filed Plaintiffs' Renewed Motion to Proceed Anonymously.

2. Rule 12(f) of the Federal Rules of Civil Procedure provides that redundant and impertinent material may be stricken upon motion within 21 days of the service of the pleading.

3. In this case, the "factual background" in Parts I through II A. has no relevance to the allegations against the Defendants and should be stricken.

4. The Plaintiffs' pleading recites general information regarding human trafficking without establishing a factual connection to the current controversy.

5. The Plaintiffs apparently concede that Parts I and Parts II A. are not material to the case at bar by bifurcating the specific factual allegations against the Defendants into Part II B.

6. Parts I and II A. of the pleading filed by the Plaintiffs appears to be either an immaterial attempt to bolster the arguments elsewhere in the pleading or an improper and scandalous attempt to link the Defendants' to human trafficking crimes.

7. In either case, the disfavored remedy of striking of the pleadings is warranted. See Metrokane, Inc. v. The Wine Enthusiast, 160 F. Supp. 2d 633, 641-42 (S.D.N.Y. 2001).

## GENERAL REQUEST FOR RELIEF

8. Local Rule 3.01(b) permits the service of a response by any party opposing a motion within 14 days of the service of the motion. Therefore, this response is timely.

9. The Defendants vigorously deny the unsupported factual allegations of the Plaintiffs and object to the lack of affidavits or other sworn testimony in support of the motion.

10. Federal courts routinely handle matters of the most sensitive nature. Wrongful death actions, lawsuits against white supremacists for damages, terrorism related civil cases, organized crime civil forfeiture cases, and countless other types of actions involve parties and witnesses who are not granted (or do not seek) anonymity. Plaintiffs in these cases often have direct evidence of threats against their lives. Many have well founded fears of adverse legal action being taken against them at a future date.

11. While the vast majority of these cases remain public record, there is applicable law, rule and precedent for the Plaintiff to pursue an avenue to establish a factual need to proceed anonymously without engaging in scandalous recitations and unsupported allegations of misconduct.

12. Counsel for the Plaintiffs has made no motion for leave to pursue any type of sealed pleading, requested an *in camera* hearing, or *ex parte* proceeding to allow the court to factually establish the necessity of the motion.

13. In short, the Plaintiffs seek the protection of the legal process without submitting their claims to the rigors of examination by the court or the Defendants. As such, the requested relief should be denied.

## FEDERAL LAW DOES NOT PROVIDE AN AVENUE FOR THE PLAINTIFFS TO CLAIM ANONYMITY.

14. The complaint filed by the Plaintiffs alleges violations of several federal and state statutes by the Defendants.

15. These statutes include the Trafficking Victims Protection Reauthorization Act of 2013, the Migrant and Seasonal Worker Protection Act, the Fair Labor Standards Act, amongst others.

16. Presumably, the legislative bodies that drafted and adopted these statutes considered the plight of the victims of human trafficking and could have included procedures and protections for plaintiffs seeking to proceed anonymously under these statutes, if the plaintiffs are truly under duress.

17. However, none of these statutes provides for the victims to proceed anonymously, as the Plaintiffs concede in their Motion.

18. In Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe, 599 F.2d 707, 712 (C.A.T.X. 1979), the court observed that the statute cited by the claimant did not provide for plaintiffs to proceed anonymously.

19. The court found that because the statutes did not grant the relief sought, the plaintiff must establish a right of privacy to proceed anonymously. Id. at 713.

20. Similarly, the causes of action pled by the Plaintiffs do not grant a right to proceed anonymously, so the burden is on the Plaintiffs to demonstrate, not merely allege, a compelling privacy need to proceed anonymously.

21. Without such a showing, the Plaintiffs may not be permitted to proceed anonymously.

22. The Defendants assert that the Plaintiffs have not yet made such a showing and will be ultimately unable to do so through sworn testimony.

## **THE NECESSITY OF DEMONSTRATING A PRIVACY RIGHT**

23. The Federal Rules of Civil Procedure do not specifically grant the relief requested by the Plaintiffs.

24. Moreover, the Fed. R. Civ. P. 10 requires that the title of pleadings contain all of the parties.

25. The Motion correctly states that generally all pleadings must name all of the parties, unless the party demonstrates "a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'" (Motion at p.12, quoting Plaintiff B v. Francis, 631 F.3d 1310, 1316 (11th Cir. 2011, citing Doe v. Frank, 951 F.2d 320, 323 (11th Cir. 1992)).

26. Therefore, a strong presumption is created favoring parties proceeding in their own names. Francis at 1315.

27. Before granting a motion for anonymity, the court should determine whether a party has shown that the party has a right to proceed anonymously by carefully reviewing *all* the circumstances of a given case and then deciding whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiffs' privacy concerns. [Emphasis supplied by the court] Doe v Pentax of America, Inc., No. 06:12-cv-1171-Orl-31GJK, 2012 WL 3128968 (M.D.F.L. Aug. 1, 2012).

28. The Motion fails to specifically identify the substantial privacy right of the Plaintiffs that merits proceeding with anonymity required under <u>Francis</u> and <u>Pentax</u>.

## ALLEGATIONS OF WRONGDOING BY THE DEFENDANTS

29. The Motion only provides generalized allegations of labor law violations and alleged criminal actions by Defendants. These types of allegations are common in lawsuits without the parties proceeding anonymously and do not justify impairing the public's right to learn the identities of those pursuing remedies in federal court. More importantly, these concerns do not outweigh the right of the Defendants to a fair adjudication of the allegations made against them.

30. One of the allegations made by the Plaintiffs involves sexual harassment. Previous plaintiffs seeking anonymity based upon concerns of retaliation or personal safety in connection with sexual harassment claims have been denied relief. <u>Doe v Frank</u>, 951 F.2D 320, 324 (11TH Cir. 1992), <u>Doe v. Del Rio</u>, 241 F.R.D. 154, 159 (S.D.N.Y. 2006)(sexual abuse by police officers), <u>Doe v. Shakur</u>, 164 F.R.D. 359, 360 (S.D. N.Y. 1996)(denying motion to remain anonymous in case involving brutal sexual assault by well known music artist).

31. One of the cases cited in the Motion, <u>Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe</u>, specifically refuted past allegations of sex discrimination as grounds for proceeding anonymously:

> " ... [t]he mere filing of a civil action against other private parties may cause damage to their good names and reputation and may also result in economic harm. Defendant law firms stand publicly accused of serious violations of federal law. Basic fairness dictates

> that those among the defendants' accusers who wish to participate in this suit as individual party plaintiffs must do so under their real names ... " <u>SMU</u> at 713.

32. The Plaintiffs do not obtain a substantial privacy right simply by making allegations of wrongdoing by the Defendants. Without more, those allegations are not sufficient to overcome the presumption of disclosure of the parties.

## IMMIGRATION STATUS OF THE PLAINTIFFS

33. The current immigration status of the Plaintiffs and the fear of deportation or adverse action by immigration authorities is also not a substantial privacy right.

34. The Motion alludes to concerns by the Plaintiffs of concerns about deportation, but does not cite to any applicable case law specifically finding immigration status alone as a substantial privacy right.

35. The current immigration status of a person is a matter of public record. Whether through the "e-verify" system or other inquiries, there is no expectation of privacy regarding immigration status.

36. Under the circumstances, the Defendants are justified in questioning whether the alleged fears of the Plaintiffs outweigh the fairness of the proceedings.

37. Moreover, the personal embarrassment, social stigma, or fear of deportation by appearing in a legal forum as an undocumented resident is no longer the reasonable fear that might have once afforded the protection sought by the Plaintiffs.

38. Undocumented workers and persons illegally present in the United States routinely avail themselves of the legal system in this country for the redress of grievances with limited concern for adverse action by the government.

39. While there is anecdotal evidence that persons illegally present in this country have been deported during visits to courthouses, the authority to grant protection to plaintiffs requesting anonymity to avoid deportation is a political question to be resolved by Congress, not the courts. To date, Congress has not acted on this issue.

40. The Secretary of the U.S. Department of Homeland Security, Jeh Johnson testified before the U.S. House of Representatives Judiciary Committee on May 29, 2014 and articulated the policy behind DHS deporting persons identified at courthouses. Secretary Johnson testified that he plans to review the policy, but stated that persons should not enjoy anonymity or asylum at courthouses, because the public must be protected by identifying serious violent persons who are in the country illegally and may have occasion to visit a courthouse. The Honorable Jeh Johnson, Testimony before the U.S. House of Representatives, Judiciary Committee, May 29, 2014, remarks at 47:28 of video transcript, http://www.c-span.org/video/?319614-1/homeland-security-department-oversight-hearing (retrieved May 30, 2014 at 2:41 p.m.).

41. For these reasons, at the very least, the court must conduct a proceeding to identify the Plaintiffs to ensure that the Plaintiffs themselves are not serious violent criminals that threaten the safety of the proceedings.

42. Florida Governor Rick Scott recently signed legislation making it possible for some undocumented workers to become members of the Florida Bar. Ch. 2014-35, § 3 at 4, Laws of Fla. (2014).

43. If lawyers unlawfully present in the United States can appear in Middle District courtrooms without the fear of embarrassment, social stigma, or deportation, then the Defendants suggest that the Plaintiffs concern for deportation in this case do not outweigh the Defendants' right to a fair and open hearing.

44. Without more from the Plaintiffs, their immigration status alone is not sufficient to establish a substantial privacy right to overcome the presumption of parties proceeding under their own names.

## THE FEAR OF HARM MUST BE REASONABLE

45. The fear of embarrassment or deportation is not enough. A plaintiff must show a fear of severe harm and that the fear of severe harm is reasonable. Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate, 596 F.3d 1036, 1043 (9th Cir. 2010).

46. Here there has been only a showing of generalized background information together with unsubstantiated allegations. Again, without sworn testimony in the record, it is unreasonable to conclude that the Plaintiffs face well founded fears of severe harm sufficient to justify altering the fundamental fairness of the proceedings.

## **FAIRNESS OF THE PROCEEDINGS**

47. The granting of the Motion would have devastating effects on the fairness of the proceeding.

48. The case law cited by the Plaintiffs involves situations where the Defendants were aware of the identities of the Plaintiffs.

49. In the Francis case relied upon by the Plaintiffs, the defense had considerable evidence regarding the identity of the plaintiffs and a videotape of nearly all of the interaction between the parties.

50. In Francis, the defendant's efforts to investigate the allegations, pursue discovery, and otherwise prepare for trial was not compromised.

51. In this case, the Defendants are shocked at the allegations and have no information regarding the identity of the Plaintiffs.

52. As drafted, the requested relief would frustrate the ability of the Defendants to identify the parties, interview related witnesses, conduct depositions, collect evidence, *pursue counterclaims* for defamation, sanctions for unsupported claims, and otherwise prepare for trial.

53. The Plaintiffs have requested relief seeking unpaid wages, but have denied have possession of any documents relating to payroll or wages owed.

54. It is unreasonable for a Defendant to defend a claim for unpaid wages without knowing the identity of the Plaintiff or the amount owed.

55. Even more troubling, the Plaintiffs have requested a jury trial in this action.

56. A favorable ruling for the Plaintiffs on this motion would permit the Plaintiffs to mask their identity before a jury.

57. If such relief is granted, the Defendants will be forced to attempt to defend this action with jurors inevitably concluding that the allegations against these Defendants must be well founded, because the court has already decided that the Plaintiffs identity must be hidden.

58. Federal criminal trials are typically presumed unfair if the defendant is compelled to appear in front of the jury in orange prison clothes and shackles. Without an extraordinary showing by the Plaintiffs through direct evidence under oath, allowing an anonymous proceeding against the Defendants would also risk jurors presuming the Defendants are liable for the violations. Permitting such a risk would render the proceeding unfair.

WHEREFORE, for the foregoing reasons, the Defendants request that:

(a) The Motion be denied; or
(b) The Motion be denied, but an order be issued sealing the proceedings from the public, but that the identity of the Plaintiffs be disclosed to the Defendants; or
(c) The ruling on the Motion be delayed until conclusion of discovery, but an order be issued compelling the Plaintiffs to disclose to the Defendants the names of the Plaintiffs and the names of any witnesses material to the allegations in the complaint, so that the Defendants are afforded an opportunity to prepare for trial and/or enter into reasoned settlement negotiations.

Respectfully Submitted,

Law Offices of Bennett M. Miller, P.A.
1606 Redwood Dr.
Tallahassee, FL 32301
Telephone: (850) 443-4010
Fax Number: (850) 807-5070
bennettmmiller@yahoo.com

By: /s/ Bennett M. Miller
Bennett M. Miller, Esq.
Florida Bar Number 526312

**Trial Counsel for Defendants**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of this Motion has been furnished via e-mail delivery to the Plaintiff's counsel listed below, on this 30th Day of May, 2014. I have made all necessary disclosures to opposing counsel.

Mr. Robert Wright
Stroock & Stroock & Lavan, LLP
200 South Biscayne Blvd. Suite 3100
Miami, FL 33131
Email: rwright@stroock.com

Professor Arturo Carrillo
Professor Susan French
George Washington School of Law
2000 G. Street, NW
Washington, DC 20052
acarrillo@law.gwu.edu
sfrench@law.gwu.edu

/s/ Bennett M. Miller
Bennett M. Miller
Trial Counsel for Plaintiffs