UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JANE DOE, 1 and 2

        Plaintiff,

v.                                  Case No:  2:14-cv-206-FtM-38DNF

C&C AGRICULTURAL FARMS, LLC,
ERNESTO RUBEN CORDERO, JR.,
REYES TAPIA-ORTIZ and CARLOS
A. RODRIGUEZ,

        Defendants.

_____/

## ORDER[1]

     This matter comes before the Court on the Plaintiff, Jane Does' Unopposed

Confidential Motion to Approve Settlement Agreement (Doc. #58) filed under seal on

February 3, 2015.  This case was brought under the Fair Labor Standards Act (FLSA) 29

U.S.C. § 201 *et. seq.*  The Parties have reached a settlement agreement and seek court

approval of that agreement.

     In Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352-1355 (11th Cir.

1982), the Eleventh Circuit explained that claims for back wages under the FLSA may

only be settled or compromised when the Department of Labor supervises the payment

of back wages or when the district court enters a stipulated judgment "after scrutinizing

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

the settlement for fairness." There are two ways for a claim under the FLSA to be settled

or compromised. Id. at 1352-53. The first is under 29 U.S.C. § 216(c), providing for the

Secretary of Labor to supervise the payments of unpaid wages owed to employees. Id.

at 1353. The second is under 29 U.S.C. §216(b), when an action is brought by employees

against their employer to recover back wages. Id. When the employees file suit, the

proposed settlement must be presented to the district court for the district court review

and determination that the settlement is fair and reasonable. Id. at 1353-54.

The Eleventh Circuit found settlements to be permissible when the lawsuit is

brought by employees under the FLSA for back wages because the lawsuit,

> [p]rovides some assurance of an adversarial context. The
> employees are likely to be represented by an attorney who
> can protect their rights under the statute. Thus, when the
> parties submit a settlement to the court for approval, the
> settlement is more likely to reflect a reasonable compromise
> of disputed issues than a mere waiver of statutory rights
> brought about by an employer's overreaching. If a settlement
> in an employee FLSA suit does reflect a reasonable
> compromise over issues, such as FLSA coverage or
> computation of back wages that are actually in dispute; we
> allow the district court to approve the settlement in order to
> promote the policy of encouraging settlement of litigation.

Id. at 1354.

In this case, the Parties have agreed to a settlement amount to be paid to the Doe

Plaintiffs in compromise of their FLSA claim. The Doe Plaintiffs have agreed to accept

the Defendants' offer for back wages as a full and fair settlement of their FLSA claims.

Counsel for the Plaintiffs, Robert T. Wright, Jr. of the law firm Strock, Strock & Lavan LLP

informed the Court that the firm took the case *Pro Bono*, so attorney's fees were not

negotiated as part of the Plaintiff's settlement.

In the Confidential Joint Motion for Approval submitted by the Plaintiffs (Doc. #58), the Parties agree that the Plaintiffs have been offered a fair and reasonable settlement, with compromise, for all the work performed on Defendants' behalf, and that the settlement between the Parties constitutes a fair and reasonable resolution of a bona fide dispute over FLSA issues. Thus, having thoroughly reviewed the settlement documentation, the Court concludes that the settlement is a fair and reasonable resolution of a bona fide dispute over the FLSA. Further, pursuant to Fed. R. Civ. P. 41, the Court finds that this case should be dismissed with prejudice as to all Defendants.

Accordingly, it is now

**ORDERED:**

The Plaintiff Jane Does' Unopposed Motion for Approval of Confidential Settlement Agreement (Doc. #58) is **GRANTED** and the settlement agreement is hereby **APPROVED.** The case is **DISMISSED with Prejudice.** The Clerk of the Court is directed to enter judgment accordingly, terminate all pending motions, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida this 6th day of February, 2015.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

3