UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JANE DOE, 1 and 2

       Plaintiff,

v.                            Case No:   2:14-cv-206-FtM-38DNF

C&C AGRICULTURAL FARMS, LLC,
ERNESTO RUBEN CORDERO, JR.,
REYES TAPIA-ORTIZ and CARLOS
A. RODRIGUEZ,

       Defendants.

_____/

### ORDER[1]

This matter comes before the Court on the Plaintiff, Jane Does' Unopposed Motion to Approve Confidential Amended Settlement Agreement (Doc. #68) filed under seal on May 29, 2015.  This case was brought under the Fair Labor Standards Act (FLSA) 29 U.S.C. § 201 *et. seq.*  The Plaintiff and the Settlement Defendants, C & C Agricultural Farms, LLC., Ernesto Ruben Cordero, Jr., and Carlos Rodiguez have reached a settlement agreement and seek court approval of that agreement.

In Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352-1355 (11th Cir. 1982), the Eleventh Circuit explained that claims for back wages under the FLSA may only be settled or compromised when the Department of Labor supervises the payment

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." There are two ways for a claim under the FLSA to be settled or compromised. Id. at 1352-53. The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. Id. at 1353. The second is under 29 U.S.C. §216(b), when an action is brought by employees against their employer to recover back wages. Id. When the employees file suit, the proposed settlement must be presented to the district court for the district court review and determination that the settlement is fair and reasonable. Id. at 1353-54.

The Eleventh Circuit found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit,

> [p]rovides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

Id. at 1354.

The Doe Plaintiffs have agreed to accept the Settlement Defendants, C & C Agricultural Farms, LLC., Ernesto Ruben Cordero, Jr., and Carlos Rodiguez's offer for back wages and an equal sum in liquidated damages as a full and fair settlement of their FLSA claims. Although the settlement was made with compromise, the Parties agree that the Plaintiffs have been offered a fair and reasonable settlement, for all the work performed on Defendants' behalf. Counsel for the Plaintiffs, Robert T. Wright, Jr. of the

law firm Strock, Strock & Lavan LLP informed the Court that the firm took the case *pro bono*, so no attorney's fees were negotiated as part of the Plaintiff's settlement.

Having thoroughly reviewed the settlement documentation, the Court concludes that the Settlement Agreement is a fair and reasonable resolution of a bona fide FLSA dispute.  The Court finds that this case should be dismissed with prejudice as to the Settlement Defendants, C & C Agricultural Farms, LLC., Ernesto Ruben Cordero, Jr., and Carlos Rodiguez.  No settlement was reached with the Defendant, Reyes Tapia-Ortiz and the case remains pending against him.

Further, the Plaintiffs and the Settlement Defendants agree that Exhibit A attached to the Confidential Amended Settlement agreement will be published on the Court's docket sheet.  The Court will therefore, direct the clerk to file Exhibit A on the Court's docket sheet.

Accordingly, it is now

**ORDERED:**

The Plaintiff Jane Does' Unopposed Motion for Approval of Amended Confidential Settlement Agreement (Doc. #58) is **GRANTED** and the settlement agreement is hereby **APPROVED**.

1. The case is **DISMISSED** with Prejudice as to the Settlement Defendants, C & C Agricultural Farms, LLC., Ernesto Ruben Cordero, Jr., and Carlos Rodiguez.

2. The Clerk of the Court is directed to enter judgment accordingly and terminate the Settlement Defendants, C & C Agricultural Farms, LLC., Ernesto Ruben Cordero, Jr., and Carlos Rodiguez.

3. The Court will maintain jurisdiction over the Settlement Defendants until the final payment under the Settlement Agreement. Otherwise, the Court declines to accept jurisdiction over the settlement.

4. The Clerk of the Court shall file the Public Terms and Conditions attached as **Exhibit A** to the Confidential Settlement Agreement on the Court's docket sheet.

5. The Case remains open as to the Defendant, Reyes Tapia-Ortiz.

**DONE** and **ORDERED** in Fort Myers, Florida this 1st day of June, 2015.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record