UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOHN DOES #1 through #4, and JANE
DOE #1 and #2,

    Plaintiffs,

v.                                            Case No: 2:14-cv-206-FtM-38MRM

C&C AGRICULTURAL FARMS LLC, a
Florida limited liability company,
ERNESTO RUBEN CORDERO, JR.,
CARLOS RODRIGUEZ and REYES
TAPIA-ORTIZ,

    Defendants.
_____

**ORDER**

    This cause is before the Court on the Motion for Entry of Clerk's Default Against Defendant Reyes Tapia-Ortiz (Doc. 72) filed by plaintiffs Paulino Jose Juarez (John Doe #3), Alejandro Sanchez Perez (John Doe #4), Josue Cruz Velasco (John Doe #5), Juana Lopez Ramirez (Jane Doe #1) and Maryln Perez Perez (Jane Doe #2) (collectively, "Plaintiffs") on June 15, 2015. The time for Defendant Tapia-Ortiz to file a response to Plaintiffs' motion has passed and he has failed to file a response. For the reasons explained below, the Court finds that Plaintiffs' motion is due to be **GRANTED**.

    Pursuant to Fed. R. Civ. P. 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." However, before the Court will direct the Clerk to enter a default, the Court must review the file to determine that the Plaintiff properly effectuate service of process. *U.S. v. Donald,* 2007 WL 1810357, *1 (M.D. Fla. June 24, 2009). "The burden to sustain the validity of service of process is initially upon the

person/entity who seeks to invoke the jurisdiction of the court, i.e. Plaintiff." *Bodyup Fitness, LLC v. 2080039 Ontario, Inc.,* 2008 WL 516996, at *3 (S.D. Fla. Feb. 23, 2008) (citations omitted).

The Federal Rules of Civil Procedure provide that an individual may be served by "delivering a copy of the summons and of the complaint to the individual personally." Fed. R. Civ. P. 4(e)(2)(a). In this case, service was properly effectuated because Defendant Tapia-Ortiz was personally served with a copy of the summons and Complaint (Doc. 1) on April 15, 2015. (Doc. 22). Pursuant to Rule 12(a) of the Federal Rules of Civil Procedure, a defendant must serve an answer within 21 days after being served with the summons and complaint. Fed. R. Civ. P. 12(a)(1)(A)(i). To date, Defendant Tapia-Ortiz has failed to serve an answer. As more than 21 days have passed since Defendant Tapia-Ortiz was served and he has failed to serve an answer,

**IT IS HEREBY ORDERED:**

1) Plaintiffs' Motion for Entry of Clerk's Default Against Defendant Reyes Tapia-Ortiz (Doc. 72) is **GRANTED**.

2) The Clerk is directed to enter a default against Defendant Reyes Tapia-Ortiz.

**DONE** and **ORDERED** in Fort Myers, Florida on July 8, 2015.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties