UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOHN DOE, 1 through 5, and
JANE DOE, 1 and 2

      Plaintiff,

v.                                            Case No: 2:14-cv-206-FtM-38MRM

REYES TAPIA-ORTIZ and CARLOS
A. RODRIGUEZ,

      Defendants.
_____/

## **ORDER**[1]

This matter comes before the Court on Plaintiffs, John and Jane Does' Motion for Entry of Final Judgment of Default against Defendant Reyes Tapia-Ortiz (Tapia) (Doc. #78) filed on May 5, 2016. No response has been filed by Tapia and the time to do so has expired.

This Court has previously entered a default against Tapia in favor of those Plaintiffs. (Doc. #74). Plaintiffs now request that this Court award them compensatory and punitive damages under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. §§ 1589, 1590, 1593A, 1594(a), and 1595, statutory damages under the Migrant and Seasonal Agricultural Worker Protection Act (AWPA), 29 U.S.C. § 1801 *et seq.* Plaintiffs John Doe #1 and #2 do not assert any claims against Defendant

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Tapia. Plaintiffs Velasco and Ramirez additionally request this Court award them damages for their claims of battery and false imprisonment under Florida law.

## **BACKGROUND**

Tapia was hired prior to November 2010 to engage in farm labor contract activities, including recruiting, soliciting, hiring, employing, furnishing, and transporting migrant agricultural workers for farms in and around Clewiston, Florida. Plaintiffs allege that between the spring of 2008 and February 2012, Tapia recruited migrant agricultural workers, including Plaintiffs, from day labor lines and stores in Immokalee, Clewiston, and elsewhere in Florida with false promises including wages higher than they were earning and more work hours than they had been working. The Plaintiffs were recruited by Tapia to work in the fields and packing house for local area farmers.

The Plaintiffs allege they worked seven days a week as much as seventeen hours a day during harvest time without being paid overtime pursuant to the Fair Labor Standards Act. Plaintiffs further allege that there were times when they were forced to work in the packing house after working all day in the fields or they would not be paid for their work in the field that day. Other times Plaintiffs state they were paid no wages at all for their work. Tapia did not pay Plaintiffs regularly or keep records of the hours Plaintiffs worked. When Plaintiffs were paid, it was sporadically. On average, the female Plaintiffs were paid approximately $35 per day and the male Plaintiffs were paid approximately $45 per day.

According to the Plaintiffs Tapia would threaten them if they were ever to inform on him for not paying them for their work. Additionally, Plaintiff, M. Perez states Tapia made numerous unwelcome sexual advances including groping and other improper

touching.  When Perez threatened to call the police, Tapia said if she reported him to the police he would have her deported because she was in the country illegally.  Tapia further threatened Perez by showing her his gun tucked in his waistband if she resisted his sexual advances.  He told her that he would track her down and kill her if she ever left his crew.

Plaintiff Velasco alleges that Tapia threatened to have him deported if he ever left his crew.  Tapia eventually falsely imprisoned Velasco, had him hand cuffed, and delivered him to the police for leaving his work crew for another crew that paid better.  Velasco was subsequently deported.

Plaintiffs allege that Tapia regularly kept a rifle and a pistol on him when he was working in the field.  Tapia would threaten Plaintiffs with guns and deportation when they would complain to him.  He further exposed workers to pesticides by making them work in the fields when they were being sprayed.  The pesticides caused health problems such as burning eyes and skin.

Tapia was personally served with the Complaint on April 15, 2014.  The Amended Complaint was mailed to his last known address.  To date Tapia has never made an appearance in this case.  A Clerk's Default was entered against Tapia on July 9, 2015.  Plaintiffs now seek a default judgment against Tapia.

## STANDARD OF REVIEW

*Rule 55 of the Federal Rules of Civil Procedure* establishes a two-step procedure for obtaining default judgment. First, when a defendant fails to plead or otherwise defend a lawsuit, the clerk of the court must enter a clerk's default against the defendant. *Cohan v. Rist Properties, LLC*, No. 2:14-CV-439-FTM, 2015 WL 224640, at *1-2 (M.D. Fla. Jan. 15, 2015) (citing *Fed.R.Civ.P. 55(a)*). Second, after receiving the clerk's default, the court

can enter a default judgment provided the defendant is not an infant or incompetent. *Id.* (citing Fed. R. Civ. P. 55(b)(2)); *see also* Solaroll Shade & Shutter Corp. v. Bio–Energy Sys. Inc., 803 F.2d 1130, 1134 (11th Cir.1986) (stating a default judgment may be entered "against a defendant who never appears or answers a complaint, for in such circumstances the case never has been placed at issue.").

An entry of a clerk's default, however, does not *per se* warrant an entry of default judgment. Rather, a court may enter a default judgment only if "the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." Tyco Fire & Sec., LLC v. Alcocer, 218 F. App'x 860, 863 (11th Cir.2007); Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir.1975) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.... A default judgment is unassailable on the merits but only so far as it is supported by well-pleaded allegations, assumed to be true." (citations omitted)). "The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.... [A] default is not treated as an absolute confession of the defendant of his liability and of the plaintiff's right to recover." Nishimatsu, 515 F.2d at 1206. In considering a motion for default judgment, courts must "examine the sufficiency of plaintiff's allegations to determine whether the plaintiff is entitled to" relief. *See* PNC Bank, N.A. v. Starlight Props. & Holdings, LLC, No. 6:13–cv–408, 2014 WL 2574040, at *1 (M.D. Fla. June 9, 2014) (citation omitted).

With these principles in mind, the Court will address Plaintiff's Motion for Final Default Judgment.

## DISCUSSION

The Plaintiffs allege that Tapia violated the Trafficking Victims Protection Reauthorization Act (TVPRA) 18 U.S.C. §§ 1589, 1590, 1594A, and 1595(a), Migrant and Seasonal Agricultural Worker Protection Act 29 U.S.C. § (AWPA) and 29 U.S.C. § 216(b), and the Fair Labor Standards Act (FLSA).

*(1) Trafficking Victims Protection Reauthorization Act (TVPRA)*

The Plaintiffs allege in their second, fourth, and sixth claims that Tapia violated the TVPRA.  The TVPRA states in pertinent part:

> Whoever knowingly provides or obtains the labor or services of a person by any one of, or by any combination of, the following means--
>
> (1) by means of force, threats of force, physical restraint, or threats of physical restraint to that person or another person;
>
> (2) by means of serious harm or threats of serious harm to that person or another person;
>
> (3) by means of the abuse or threatened abuse of law or legal process; or
>
> (4) by means of any scheme, plan, or pattern intended to cause the person to believe that, if that person did not perform such labor or services, that person or another person would suffer serious harm or physical restraint,
>
> shall be punished as provided under subsection (d).

18 U.S.C.A. § 1589.  The Complaint clearly states that Tapia used threats of harm, physical violence, firearms, threatened abuse of law, and deportation to coerce workers to work hours they were not paid for and to stay on his crew.  As such, the allegations in the complaint, taken as true due to the default, actually state a claim pursuant to the

5

TVPRA. Plaintiffs also claim compensatory damages and punitive damages in the amount of $700,482.55 for Juarez, $454,696.60 for A. Perez, $998,023.16 for Velasco, $345,895.36 for Ramirez, and $898,194.24 for M. Perez. The Plaintiffs bear the burden of proving damages in a default judgment. *Enpat, Inc. v. Budic*, 773 F. Supp. 2d 1311, 1313 (M.D. Fla. February 28, 2011) (quoting Fed. R. Civ. P. 55(b)(1)-(2)). Accordingly, the Court will hold a hearing on the damages pursuant to the TVPRA.

(2) *Migrant and Seasonal Agricultural Worker Protection Act (AWPA)*

In claim 16 and 17 Plaintiffs allege Tapia violated the AWPA because he did not have a certificate of registration to engage in farm labor contracting. They further allege that Tapia did not disclose the full terms and conditions of employment and provided false and misleading information regarding their employment. Plaintiffs allege Tapia failed to pay their full wages when they were due in violation of 29 U.S.C. § 1822(a). Finally, Plaintiffs allege Tapia failed to maintain records documenting accurately the hours worked and the basis on which their wages were paid in violation of 29 U.S.C. § 1854(c)(1).

Additionally in claim 17 John Doe # 5 and Jane Doe # 1 state that Tapia violated the AWPA by housing them in a dwelling that did not comply with the state and federal housing safety and health requirements.

The Amended Complaint clearly states that Plaintiffs were migrant agriculture workers as defined under the AWPA. The Amended Complaint further states that Tapia failed to pay the workers a minimum wage and threaten to not pay them at all if they did not perform extra duties in the packing house after working in the fields all day. The Amended Complaint further claims that Tapia was not certified as an employment contractor and was therefore, in violation of the AWPA. In addition John Doe #5 and Jane

6

Doe #1 state that Tapia kept them in substandard housing. Accordingly, the Plaintiffs have sufficiently alleged that Tapia violated the AWPA.

Plaintiffs seek statutory damages of $500.00 per violation for each year they worked under Tapia. The Plaintiffs seek $4,000.00 each for Juarez, A. Perez, and M. Perez's asserted claims for eight violations of the AWPA in claim 16. Plaintiffs, Velasco and Ramirez seek $4,500.00 each for nine asserted violations of the AWPA in claim 17. A hearing will be held on all damage claims in order for the Plaintiffs to produce evidence of their damages.

### (3) *Fair Labor Standards Act (FLSA).*

In claim 18, Plaintiffs allege Tapia violated the FLSA by not paying wages for the hours they worked. The FLSA provides that "every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages" during each applicable pay period. 29 U.S.C. § 206. It is unlawful for an employer to not pay an employee at least a minimum wage for every hour worked during the applicable pay period. 29 U.S.C. § 215(2).

The Amended Complaint alleges that Tapia did not pay Plaintiffs the minimum wage or failed to pay them at all for some hours they actually worked. Taking the allegations as true Plaintiffs have established a violation of the FLSA against Tapia. Plaintiffs seek damages under the FLSA in the form of liquidated damages, however, Plaintiffs have settled with other Defendants in this case for their back wages. In fact, Plaintiffs state in their Motion that they only seek liquidated damages from Tapia and not actual back wages. As such, the Court will hold a hearing on the Plaintiffs' FLSA damage

claims.  At that hearing, Plaintiffs should be prepared to argue why, after they have been made whole by other Defendants under the FLSA, they should also receive liquidated damages from Tapia.

## CONCLUSION

Based upon the allegations in the Amended Complaint, the Court finds the Plaintiffs' Amended Complaint is well pleaded and provides a sufficient basis to support the default judgment.  However, because of the substantial sums Plaintiffs are claiming in damages, the Court will hold a hearing on the damages and allow Plaintiffs to present evidence to support the damages claims.

Accordingly, it is now **ORDERED:**

Plaintiffs, John and Jane Does' Motion for Entry of Final Judgment of Default against Defendant Reyes Tapia-Ortiz (Doc. #78) is **GRANTED in part**.

1. Plaintiffs Motion for default Judgment against Reyes Tapia-Ortiz is **GRANTED**.  The Clerk of the Court is directed to enter judgment accordingly.
2. The Court **RESERVES** ruling on the matter of damages.
3. A hearing will be held on damages on **August 15, 2016, at 1:30pm**.  Plaintiffs should bring proof of the estimated damages and be prepared to argue why the amount of damages requested should be awarded.

**DONE** and **ORDERED** in Fort Myers, Florida this 22nd day of June, 2016.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record