UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JANE DOE, 1 and 2, and JOHN DOE, 1 through 5,

    Plaintiffs,

v.

Case No: 2:14-cv-206-FtM-38MRM

REYES TAPIA-ORTIZ,

    Defendant.
_____/

## **OPINION AND ORDER**[1]

This matter comes before the Court on Plaintiffs' Request for Damages Pursuant to the Court's Entry of Default Judgment (Doc. 80). On June 22, 2016, the Court entered an Order granting Plaintiffs Motion for Default Judgment against Defendant Reyes Tapia-Ortiz and reserving on damages until a hearing could be held on the matter. On August 16, 2016, a hearing was held before the undersigned regarding Plaintiffs' request for damages. After reviewing the record and testimony at the damages hearing, the Court finds good cause to grant Plaintiffs' request for damages except for liquidated damages under the FLSA.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Plaintiffs request that the Court impose liquidated damages under the FLSA against Ortiz. However, Plaintiffs acknowledge that they had previously recovered their back wages and liquidated damages from other defendants. While Plaintiffs concede they recovered damages from the other Defendants, they now request liquidated damages from Ortiz in an amount admittedly greater than that recovery from the other Defendants. As Plaintiffs acknowledge in their request for damages, they previously received damages under their settlement agreement with the other Defendants and the Court found that settlement to be fair. Plaintiffs were deemed to have been made whole by the Court under the FLSA. Therefore, the instant claim for liquidated damages over the amount recovered under the FLSA settlement agreement from the other Defendants is due to be denied. Otherwise Plaintiffs' claim for damages is granted.

Accordingly, it is now

**ORDERED:**

(1) Plaintiffs' Request for Damages Pursuant to the Court's Entry of Default Judgment is **GRANTED** in part and **DENIED** in part. Their claim for liquidated damages under the FLSA is **DENIED**. Otherwise, Plaintiffs' claims for damages are **GRANTED** as follows:[2]

    a. Plaintiff Paulino Jose Juarez shall recover from Defendant Reyes Tapia-Ortiz **$704,482.55** in damages;

    b. Plaintiff Alejandro Sanchez Perez shall recover from Defendant Reyes Tapia-Ortiz **$458,696.50** damages;

---

[2] The damages amounts were calculated from the amounts requested for each Plaintiff in the Plaintiffs' proposed damages minus the amount of liquidated damages under the FLSA which were denied.

    c. Plaintiff Josue Cruz Velasco shall recover from Defendant Reyes Tapia-Ortiz **$1,052,523.16** in damages;

    d. Plaintiff Juana Lopez Ramirez shall recover from Defendant Reyes Tapia-Ortiz **$350,655.36** in damages;

    e. Plaintiff Marlyn Perez Perez shall recover from Defendant Reyes Tapia-Ortiz **$959,644.24** in damages; and

    f. All Plaintiffs shall recover from Defendant Reyes Tapia-Ortiz interest at the legal rate until each award is satisfied.

(2) The Clerk of Court is **DIRECTED** to enter judgment, terminate all deadlines and motions, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida this 10th day of February, 2017.

*/s/ Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record